UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

      Plaintiff,

Case No. 24-cv-10394
Hon. Matthew F. Leitman

v.

CLINTON VAZQUEZ, *et al.*,

      Defendants.
_____/

**<u>ORDER (1) VACATING ORDER OF DISMISSAL AND JUDGMENT (ECF Nos. 26, 27), (2) TERMINATING ALL OF PLAINTIFF'S PENDING MOTIONS AS MOOT (ECF Nos. 29, 31, 32, 33, 34), (3) SUMMARILY DISMISSING CLAIMS AGAINST DEFENDANTS UNITED STATES MARSHALS SERVICE AND THE LOGAN TOWNSHIP POLICE DEPARTMENT; AND (4) TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA</u>**

On February 16, 2024, *pro se* Plaintiff Dwight A. Campbell filed this action against Defendants Clinton Vazquez, the Logan Township (Pennsylvania) Police Department (the "LTPD"), and the United States Marshals Service. (*See* Compl., ECF No. 1.) Vazquez is (or was) a police officer employed by the LTPD. Campbell alleges that the Defendants violated his constitutional rights during three separate incidents. First, Campbell says that "on or around July 3, 2020," Vazquez "unlawfully searched his home" in Altoona, Pennsylvania. (*Id.*, PageID.4, 12.) Second, Campbell says that "on or about March 20, 2022," unidentified officers of

1

the United States Marshals Service "arrived at [his] home" in Warren, Michigan, wrongly arrested him, and then transported him to the Macomb County Jail. (*Id.*, PageID.5, 12-13.) Finally, Campbell claims that in April 2022, upon his release from the Macomb County Jail, he was wrongly "re-arrested by [unidentified] officers of the [LTPD] who[] had driven seven hours from Pennsylvania to Michigan" to arrest him. (*Id.*, PageID.13.) As relief for his claims, Campbell "seeks the maximum in money damage allowed by law; as well as any other damages the Court sees fit." (*Id.*, PageID.5.)

This case has had a prolonged procedural history. After Campbell first filed his Complaint, he initially failed to pay the required filing fee or file an application to proceed *in forma pauperis*. When Campbell failed to cure those deficiencies, the Court dismissed his Complaint without prejudice. (*See* Order, ECF No. 6.) Campbell then asked the Court to re-open the case and set aside the dismissal order (*see* Mot., ECF No. 17), and the Court did so. (*See* Order, ECF No. 22.) The Court then ordered Campbell to provide certain service documents to the Clerk of the Court so that his Complaint could be served on the Defendants. (*See id.*, PageID.65.) When Campbell failed to follow those instructions, the Court dismissed his Complaint without prejudice for a second time. (*See* Order, ECF No. 26; Judgment ECF No. 27.)

2

Campbell has now returned to this Court, submitted the required service documents so that the Defendants can be served, and asked the Court, in repeated filings, to reinstate his case. (*See* Mots., ECF Nos. 29, 31, 32, 33, 34.) Because Campbell has submitted the requested service documents, the Court will **VACATE** its previous order of dismissal and judgment (ECF Nos. 26, 27). The vacating of the dismissal order and judgment renders moot Campbell's motions to reinstate his case, so the Court will **TERMINATE** all of the pending motions (ECF Nos. 29, 31, 32, 33, 34) asking the Court to reinstate his case as **MOOT**.

Given the unusual procedural history of the case, the Court did not previously conduct an initial screening of the Complaint, as it is required to do. The Court conducts that screening below. Based on that initial screening, the Court concludes that Campbell's claims against the United States Marshals Service and the LTPD must be dismissed. Finally, because the only remaining claim in this case is Campbell's claim against Vasquez, and because that is a claim between two Pennsylvania residents that arose exclusively out of conduct that took place in the Western District of Pennsylvania, the Court **TRANSFERS** this action to the United States District Court for the Western District of Pennsylvania.

# I

On December 23, 2024, the Court granted Campbell *in forma pauperis* status in this action. (*See* Order, ECF No. 23.) Under the Prison Litigation Reform Act of

1996, the Court is required to screen and *sua sponte* dismiss an *in forma pauperis* Complaint before service if it determines that the Complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is likewise required to dismiss a Complaint against government entities, officers, and employees before service if it determines that the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A Complaint is frivolous if it lacks an arguable basis in law or in fact. *See* Denton *v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Based on its initial screening of the Complaint, the Court concludes that Campbell's claims against the United States Marshals Service and the LTPD must be dismissed. The Court will examine each of those claims individually below.

## II

### A

The Court begins with Campbell's claims for damages against the United States Marshals Service. Those claims are barred by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations and quotation

marks omitted). The Marshals Service is "an agency of the United States." *Culliver v. Corrections Corp. of America*, 211 F.3d 1268 (TABLE), at *2 (6th Cir. 2000). And the United States has not waived its immunity here with respect to the Marshals Service. Thus, suits against the Marshals Service are "barred by the doctrine of sovereign immunity." *Id. See also Mathis v. U.S. Marshal Service*, 2011 WL 1336575, at *2 (S.D. Ohio. Apr. 5, 2011) (dismissing suit against Marshals Service and explaining that "the United States Marshals Service is not an entity which can be sued" because as "an agency of the United States government," it "is protected by sovereign immunity"); *Gary v. Garnder*, 445 F. App'x 465, 466 (3d Cir. 2011) ("We also agree with the District Court that the United States Marshals Service is entitled to sovereign immunity from suit"). The Court therefore **DISMISSES** Campbell's claims against the United States Marshals Service.

### B

The Court next turns to Campbell's claims against the LTPD. As explained above, those claims arise from the conduct of unidentified officers of that department who allegedly drove to Michigan from Pennsylvania to arrest Campbell. Those claims must be dismissed because the LTPD is not subject to suit under Section 1983. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. 42 U.S.C. § 1983. It is well-settled that governmental agencies, such as police departments, are not "persons" or

5

legal entities subject to suit under Section 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (explaining that a police department is not a proper defendant in a civil rights case under Section 1983); *Martin v. Red Lion Police Dep't* 146 F. App'x 558, 562 n. 3 (3d Cir. 2005) (explaining that a police department "was not a proper defendant in an action pursuant to 42 U.S.C. § 1983"); *Bush v. City of Allentown Police Dep't*, 2024 WL 5109422, at *2 (E.D. Penn. Dec. 13, 2024) ("dismiss[ing] all claims asserted against the City of Allentown Police Department because it is not a proper defendant under § 1983").  The Court therefore **DISMISSES** Campbell's claims against the LTPD.

## C

The only remaining claim in this matter is Campbell's claim against Vasquez. As explained above, Campbell alleges that Vasquez is (or was) an officer with the LTPD in Altoona, Pennsylvania. And Campbell's claim against Vasquez arises out of Vasquez's search of Campbell's home in Altoona, Pennsylvania. (*See* Compl., ECF No. 1, PageID.12.)  Thus, this dispute is between two individuals from Pennsylvania about a search that occurred in Pennsylvania.  There simply is no connection, whatsoever, between this sole remaining claim and this judicial forum. The Court therefore concludes that transfer of this case is appropriate.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought or to any district or division to which all parties have consented." "As the permissive language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).  Here, the Court concludes that both convenience and the interest of justice favor transferring this action to the United States District Court for the Western District of Pennsylvania.  Campbell's claim against Vasquez could have been filed in that district.  In addition, Campbell's searched residence is located in that district and all of Vasquez's alleged misconduct took place in that district.  Finally, there are no witnesses, documents, or other evidence related to Vasquez's search of Campbell's Altonna, Pennsylvania residence located in this district.  For all of these reasons, transfer of this action is appropriate.

### III

For the reasons explained above, **IT IS HEREBY ORDERED** that:

- The Court's dismissal order and judgment (ECF Nos. 26, 27) are **VACATED**;

- Campbell's motions to reinstate his case and for related relief (ECF Nos. 29, 31, 32, 33, 34) are **TERMINATED WITHOUT PREJUDICE AS MOOT**;

7

- Campbell's claims against the United States Marshals Service and the LTPD are **DISMISSED**; and

- The Clerk of the Court shall **TRANSFER** this action to the United States District Court for the Western District of Pennsylvania.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126