**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWIGHT A. CAMPBELL,<br><br>Plaintiff,<br>v.<br><br>CLINTON VAZQUEZ, *Officer*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 3:25-cv-00346<br>Judge Stephanie Haines |

**<u>OPINION</u>**

## I. Introduction

In this case, Plaintiff Dwight A. Campbell ("Mr. Campbell") advances multiple claims alleging violations of his rights under the United States Constitution and other provisions of law as against Defendant Clinton Vazquez, ("Officer Vazquez"), an officer of the Logan Township Police Department (the "LTPD"). (*See* ECF No. 38).

Currently pending before the Court are six motions, all of which were filed by Mr. Campbell. This Opinion resolves four of those Motions.

First, for the following reasons, the Court DENIES Mr. Campbell's requests for recusal of the undersigned and a prior Magistrate Judge of this Court. (ECF No. 45).

Second, insofar as it appears that ECF No. 39 pertains to another case, the Court DENIES that Motion. Insofar as that Motion pertains to this case, Mr. Campbell has offered the Court no legal argument regarding why transfer of this matter is appropriate, leading the Court to DENY the Motion at ECF No. 39, even if it does in fact concern this case.

Third, the Court finds that ECF No. 41 is now moot, and the Court DENIES it on that basis.

Fourth, the Court holds that Mr. Campbell's Motion at ECF No. 42 is premature, and the Court that Motion on that basis. As a courtesy to Mr. Campbell, the Court directs the Clerk to mail

him a current copy of the docket sheet in this case after docketing the Opinion and the Order that the Court issues today.[1]

**II. The Court Denies Mr. Campbell's Motion for Recusal (ECF No. 45)**

In Mr. Campbell's Motion at ECF No. 45, he requests that the undersigned recuse herself from this case, apparently moving under one or all of 28 U.S.C. §§ 144, 455(a), (b).[2] Mr. Campbell's arguments in favor of recusal fall into one of the following two categories, or both: (1) disagreements with this Court's legal rulings or (2) threadbare, generalized, and wholly unfounded accusations of malice on the part of the undersigned against Mr. Campbell. Neither category warrants recusal, taken individually or collectively.

Recusal motions pursuant to § 144 "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material acts with particularly which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice toward the moving party." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 192 (3d Cir. 2007) (internal quotation marks and citation omitted). While the facts "in timely affidavits are accepted as true, conclusory statements and opinions … need not be credited." *Id.* (internal quotation marks and citation omitted). Mr. Campbell's Motion does not contain any sworn statement(s) by him, and his Motion does not contain any argument(s) other than his disagreement

[1] The Court has subject matter jurisdiction over this case because Mr. Campbell advances claims arising under multiple provisions of federal law. (*See* ECF No. 38); 28 U.S.C. §1331. And the Court has supplemental jurisdiction over his other claims. 28 U.S.C. § 1367. Finally, venue is proper in this District because a substantial part of the events giving rise to Mr. Campbell's claims occurred here. 28 U.S.C. § 1391(b)(2).

[2] In Mr. Campbell's Motion at ECF No. 45, he also requests that Magistrate Judge Pesto be removed from this case. Insofar as Magistrate Judge Pesto no longer works for this Court, the Court denies that component of Mr. Campbell's Motion as moot.

Finally, in Mr. Campbell's Motion at ECF No. 45, he requests that this case be transferred. The Court can discern no potential legal basis for transfer in that Motion other than Mr. Campbell's arguments about recusal, which the Court finds unavailing. Therefore, the Court denies Mr. Campbell's request for a transfer in ECF No. 45.

with this Court's rulings and/or generalized and unfounded accusations against the undersigned with no basis in fact whatsoever. (*See* ECF No. 45). Therefore, the Court denies Mr. Campbell's request for recusal under § 144. *Allen*, 230 F. App'x at 193 ("Allen's allegations of bias amount to no more than speculation, thus hardly providing grounds for Judge Rapaport's recusal under § 144.").

Turning to § 455(a), the "test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotation marks and citation omitted). Once again, the Court holds that Mr. Campbell's disagreements with the undersigned's rulings and generalized and wholly unfounded accusations do not meet this standard—his disagreements and accusations would not lead a reasonable person to question this Court's impartiality.

Turning finally to § 455(b)(1), that provision calls for disqualification of a judge whenever that judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." With respect to this provision, "courts have held that the litigant must prove actual bias or prejudice by compelling evidence … and that the evidence of a negative bias or prejudice … must be grounded in some personal animus or malice that the judge harbors against him." *In re Vascular Access Ctrs., L.P.*, 630 B.R. 137, 153 (Bankr. E.D. Pa. 2021) (cleaned up). "Personal bias or prejudice connotes a favorable or unfavorable disposition or opinion towards an individual in his case that is somehow *wrongful or inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject out not to possess … or because it is excessive in degree." *Id.* (cleaned up) (emphasis in original). Ultimately, "courts must determine whether an informed objective, reasonable observer would be convinced of the judge's bias." *Id.* As before, Mr. Campbell's disagreements with this Court's legal rulings and

generalized, wholly unfounded accusations of bias fail to meet this standard. (*See* ECF No. 45). Further, none of the other grounds listed in § 455(b) are present in this case. Therefore, the Court denies Mr. Campbell's Motion at ECF No. 45 in full.

In denying Mr. Campbell's Motion for Recusal, the Court stresses, as it has before, that it sees Mr. Campbell, like all other litigants before it, as a person cloaked in the full protections offered by the law, without any reference to any irrelevant, external factors whatsoever. The undersigned has applied the law as written to Mr. Campbell, without bias or prejudice, and the undersigned will continue to follow that course of conduct relative to him in the future.

## III. Remaining Miscellaneous Motions

The Court now turns its attention to three of Mr. Campbell's other pending Motions, addressing each expeditiously.

### A. The Court Denies Mr. Campbell's Motion at ECF No. 39

In Mr. Campbell's Motion at ECF No. 39, he seeks to have a case that was transferred from the Middle District of Pennsylvania "transfer[red] to another court." (*Id.*). But this case was transferred here from the Eastern District of Michigan. (ECF No. 36). Therefore, insofar as Mr. Campbell's Motion at ECF No. 39 pertains to another case, the Court denies it. And insofar as Mr. Campbell is attempting to request transfer of this case, the Court denies that request because Mr. Campbell has failed to provide the Court with any principle of law supporting transfer. (*See* ECF No. 39).

### B. The Court Denies Mr. Campbell's Motion at ECF No. 41

In Mr. Campbell's Motion at ECF No. 41, which was docketed on January 16, 2026, he lodges a number of requests that pertain to other cases. (*See id.*). With respect to this case, he requests that Officer Vazquez be served, or this matter be transferred to another court. (*Id.* at 1).

On February 2, 2026, the Court entered an Order directing the United States Marshals Service to send the Amended Complaint and other relevant documents in this case to Officer Vazquez. (ECF No. 43). On March 24, 2026, an entry was placed on the docket indicating that the Amended Complaint and other documents had been mailed to Officer Vazquez. (ECF No. 49). Therefore, based on these developments, the Court denies Mr. Campbell's Motion at ECF No. 41 as moot.

### C. The Court Denies Mr. Campbell's Motion at ECF No. 42

In Mr. Campbell's Motion at ECF No. 42, he seeks Declaratory Relief and requests that the docket sheet be provided to him. Because Officer Vazquez has not filed an Answer, Mr. Campbell's Motion for Declaratory Relief is premature at this stage in this case, and the Court therefore denies that request without prejudice. *White v. Calcon Mutual Mortg., LLC*, No. 2:25-CV-2026, 2026 WL 1041901, at *1 (W.D. Pa. Apr. 17, 2026) ("Plaintiff's so-styled Motion for Declaratory Relief and Partial Summary Relief Regarding Scope and Enforceability of Mortgage Lien (Doc. 14), whether construed as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, is premature."); *Austin Powder Co. v. Knorr Contracting, Inc.*, No. 3:08-CV-1428, 2009 WL 773695, at *1 (M.D. Pa. Mar. 20, 2009) ("Judgment on the pleadings is only appropriate 'after the pleadings are closed.' FED. R. CIV. P. 12(c); *Kailan at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n, Inc.*, 275 F. Supp. 2d 578, 592 (M.D. Pa. 2003). The pleadings are closed after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. Here, the pleadings were not closed at the time this [Motion for Judgment on the Pleadings] was filed because there had as yet been no answer.") (cleaned up); *United States Att'y Gen. v. PNC Bank*, No. 07-CV-417, 2008 WL 11515399, at *3 (E.D. Pa. May 8, 2008) ("I may not decide Plaintiff's Motion for Partial Summary Judgment because [Defendant] has not yet filed an Answer

and no discovery has been conducted.").[3] As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a copy of the docket in this matter upon docketing this Opinion and the Order that follows it.

## VI. Conclusion

For the reasons stated above, the Court denies each of the following Motions: ECF Nos. 39, 41, 42, and 45. As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a current copy of the docket sheet in this case after docketing the Opinion and the Order that the Court issues today.

An appropriate Order will be entered.

Dated: September 28, 2026

Stephanie L. Haines
United States District Court Judge

**Notice by U.S. Mail to:**
Dwight A. Campbell
QP4379
SCI Dallas
1000 Follies Road
Dallas, PA 18612

Smart Communications/PADOC
Dwight A. Campbell
QP4379
SCI Smithfield
PO Box 33028
St. Petersburg, FL 33733[4]

---

[3] The Court notes that this Opinion does not address Mr. Campbell's requests for an Entry of Default as against Officer Vazquez. (ECF Nos. 55, 56, 58).

[4] The Court notes that Mr. Campbell's most recent Notice of Change of Address (ECF No. 52) indicates that he is housed at SCI Dallas. However, the Pennsylvania Department of Correction's Inmate Locator indicates that he is currently housed at SCI Smithfield. The Court therefore sends this Opinion and the Order it issues today to Mr. Campbell at both addresses as a courtesy to him. Moving forward, the Court reminds Mr. Campbell that it is his responsibility to keep the Court apprised as to his location and any change(s) in his address.